JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION PLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOLINA HEALTHCARE, INC.; et al.,<br><br>Defendants. | CASE NO. CV 18-3579-R<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FAC PURSUANT TO RULE 12(b)(6) |

Before the Court is Defendants Molina Healthcare Inc.'s, J. Mario Molina's, John C. Molina's, Terry P. Bayer's, and Rick Hopfer's Motion to Dismiss Plaintiff Steamfitters Local 449 Pension Plan's First Amended Complaint ("FAC"), filed on October 19, 2018. (Dkt. No. 54). Having been thoroughly briefed by both parties, this Court took the matter under submission on November 29, 2018.

The facts alleged are as follows. Defendant Molina Healthcare, Inc. ("Molina" or the "Company") is a publicly traded company that provides managed health care services for Medicaid and Medicare and offers health insurance on the ACA Marketplace. Plaintiff alleges that as early as 2012, Molina indicated that the Company would soon double its revenue and that

much of the increase would come from its entry into the Affordable Care Act ("ACA") Health Exchange market and through acquisitions. Because Molina's existing administrative infrastructure was described as scalable, Plaintiff alleges that investors were led to believe that the Company's expansion would drive share value and would not require the Company to upgrade or replace its existing information technology platform, QNXT. In short, Molina's existing IT infrastructure was unable to handle its business. Plaintiff further alleges that Defendants knew this, or at a minimum severely recklessly disregarded it, yet repeated the false claim that the Company's administrative infrastructure was "scalable." Plaintiff brought suit against Defendants claiming violations of Section 10(b) against Defendant Molina and Section 20(a) against the individual Defendants. All Defendants now move to dismiss Plaintiff's claims according to Federal Rule of Civil Procedure 12(b)(6).

Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 662, 678. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). On a motion to dismiss, a court may consider material properly submitted as part of the complaint that the complaint relies on. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

To sufficiently plead a Section 10(b) claim, Plaintiff must allege: (1) a material misrepresentation (or omission) of fact, (2) made with scienter, (3) in connection with the purchase or sale of a security, (4) on which plaintiff justifiably relied, (5) that proximately caused the alleged loss. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005). As to each element of its Section 10(b) claim, a "plaintiff must provide a list of all relevant circumstances in great detail." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 984 (9th Cir. 1999).

Defendants claim that Plaintiff's FAC fails at the threshold because Plaintiff does not and cannot plead with the requisite particularity that the Defendants made any material false statement, which is the most basic element of a Section 10(b) claim.

To plead falsity, Plaintiff must adhere to the requirements of both Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (PSLRA). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). The PSLRA requires the Plaintiff to "state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter." *Id.* at 308. In addition, the PSLRA requires that Plaintiff "specify each statement alleged to have been misleading, [and provide] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1). In addition to pleading with particularity, to plead falsity a "complaint must contain allegations of specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001).

In this case, Plaintiff challenges statements concerning the "scalability" of the Company's infrastructure, statements concerning the Company's expected "administrative cost leverage" from adding new plans and acquisitions, statements concerning the Company's investments in its infrastructure, and statements concerning the Company's efforts to address (or "fix") issues that arose with its infrastructure systems as it operated in the ACA marketplace. To begin, as Defendants assert, this Court finds that the allegedly false statements are protected under the PSLRA's safe harbor.

The PSLRA statute contains a "safe harbor" making forward-looking statements inactionable as a matter of law, even if the statements prove to be false. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1112-13 (9th Cir. 2010). Such statements are deemed protected if they are identified as forward-looking and accompanied by meaningful cautionary language. 15 U.S.C. § 78u-5(c)(1)(A)(i). For a statement to be considered forward-looking, its "truth or falsity. . . cannot be discerned until some point in time after the statement is made." *Browning v. Amyris, Inc.*, 2014 WL 1285175, at *12 (N.D. Cal. Mar. 24, 2014). Forward-looking statements include projections, "plans and objectives of management for future operations," and the assumptions "underlying or

related to" those objectives. *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014).

Here, the allegedly false statements made by Defendants fall under the PSLRA statute's safe harbor provision as they are forward-looking and accompanied by meaningful cautionary language. Defendants' statements concerning the scalability of the Company's infrastructure are not statements of past or present fact, but are instead forward looking because scalability refers to a system's capacity to handle a growing amount of work, as stated in the FAC. Defendants' statements regarding its ability to leverage costs—"stabilization and margin expansion will come as we integrate new members into our care models"—are also forward looking, just as Defendants' statements regarding its infrastructure investments and efforts to fix operational problems. The forward-looking statements made by Defendants were accompanied by meaningful cautionary language as is evidenced by its Form 10-Ks that addressed in extensive detail the challenges posed by the ACA and the Company's related growth. The disclosures in the Form 10-Ks identified the risks that ultimately came to fruition here. Also, every earnings call, conference, and "investor Day" presentation cited in the FAC incorporated the cautionary language from Defendant Molina's public filings, putting investors on notice of the risks that the Company was facing as it moved into the unknown realm of the ACA. Finally, the statements made by Defendants are protected by the statute's safe harbor because Plaintiff has failed to plead any facts establishing that Defendants had actual knowledge that they were false at the time they were made. As a result, Defendants' Motion to Dismiss Plaintiff's Section 10(b) claim is GRANTED.

Even if this Court found that Defendants' statements were in face actionable, the claim would nonetheless fail because Plaintiff does not plead the requisite scienter. To plead scienter, "the plaintiff must allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1151 (C.D. Cal. 2018). "The standard for recklessness is actually much closer to one of intent." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1053 (9th Cir. 2014). Mere access to information is insufficient to adequately allege scienter. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1036 (9th Cir. 2002). Plaintiff must plead particularized facts showing that

Defendants' conduct in making the statements at issue was an "extreme departure from the standards of ordinary care," such a departure that the danger of misleading investors was either actually "known to the defendant or is so obvious that the actor must have been aware of it." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

Here, Plaintiff does not plead with requisite particularity that Defendants knew of specific IT problems so extreme that they could not have truthfully, or mistakenly, stated that the infrastructure was "scalable" at any point in the three-year Class Period. For the foregoing reasons, Plaintiff fails to sufficiently plead a Section 10(b) claim.

Moreover, Plaintiff's claim against the individual Defendants must also be dismissed. "Section 20(a) of the Securities Exchange Act of 1934 provides for liability of a 'controlling person.'" *In re NVIDIA Corp. Securities Litig.*, 768 F.3d at 1052. "To establish a cause of action under this provision, a plaintiff must first prove a primary violation of underlying federal securities laws, such as Section 10(b) or Rule 10b-5, and then show that the defendant exercised actual power over the primary violator." *Id.* Thus, because Plaintiff fails to allege a primary violation of Section 10(b), its Section 20(a) claim against the individual named Defendants is dismissed.

**IT IS HEREBY ORDERED** that Defendants Molina Healthcare Inc.'s, J. Mario Molina's, John C. Molina's, Terry P. Bayer's, and Rick Hopfer's Motion to Dismiss Plaintiff Steamfitters Local 449 Pension Plan's First Amended Complaint (FAC) is GRANTED. (Dkt. No. 54).

Dated: December 13, 2018.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE