# EXHIBIT A


**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

STEAMFITTERS LOCAL 449 PENSION PLAN, Individually and on Behalf of all Others Similarly Situated,

Plaintiff,

vs.

MOLINA HEALTHCARE, INC., J. MARIO MOLINA, JOHN C. MOLINA, TERRY P. BAYER and RICK HOPFER,

Defendants.

Case No. 2:18-cv-03579 AB (JCx)

CLASS ACTION

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, as of May 5, 2020, Lead Plaintiff Steamfitters Local 449 Pension Plan ("Steamfitters" or "Lead Plaintiff"), individually and on behalf all other members of the Settlement Class, on the one hand, and Molina Healthcare, Inc. ("Molina" or the "Company"), J. Mario Molina, John C. Molina, Terry P. Bayer, and Rick Hopfer (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Class Action Complaint for Violation of the Federal Securities Laws, filed on October 5, 2018, on the merits and with prejudice (the "Settlement"); and

WHEREAS, the Court has reviewed and considered the Settlement Agreement and the accompanying exhibits; and

WHEREAS, the Parties to the Settlement Agreement have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _______ day of ___________, 2020, that:

1. The Court has reviewed the Settlement Agreement and preliminarily finds, pursuant to Fed. R. Civ. P. 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: All persons and entities that purchased or otherwise acquired Molina publicly traded common stock during the period from October 31, 2014 through August 2, 2017, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the present and former officers and directors of the Company; (iii) the Company's subsidiaries and affiliates; (iv) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (v) members of the immediate families of the Individual Defendants; (vi) any entity in which any Defendant has or had a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Settlement Class are any Settlement Class Members who properly exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice.

The Court finds and preliminarily concludes that the prerequisites of class action certification under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for

the Settlement Class defined herein and for the purposes of the Settlement only, in that:

    (a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

    (b)    there are questions of law and fact common to the Settlement Class Members;

    (c)    the claims of Lead Plaintiff are typical of the claims of Settlement Class Members;

    (d)    Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

    (e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

    (f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

    3.    Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, Lead Plaintiff is preliminarily certified as Class Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class, and Glancy Prongay & Murray LLP is preliminarily appointed as Liaison Counsel for the Settlement Class.

4. A hearing (the "Settlement Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on ____________________, 2020, at ___:___ ___.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Settlement Agreement should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether the law firm of Glancy Prongay & Murray LLP should be finally appointed as Liaison Counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f) to rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.

The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

6. The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

7. The Court approves the retention of Angeion Group as the Claims Administrator. The Claims Administrator shall cause the Notice and Claim Form, substantially in the forms annexed hereto, to be mailed by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members that can be identified with reasonable effort. Molina, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel or the Claims Administrator transfer records in electronically searchable form containing the names and addresses of purchasers of the publicly traded common stock of Molina during the Class Period no later than five (5) business days after entry of this Preliminary Approval Order.

8. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased or otherwise acquired the publicly traded common stock of Molina during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of

the Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

9. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

10. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

11. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Fed. R. Civ. P. 23, Section

21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

12. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than five (5) calendar days before the Settlement Hearing. Such deadline may be extended by Court order or by Lead Counsel in its discretion. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b) The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Settlement Agreement: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional

information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

13. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

14. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Steamfitters Local 449 Pension Plan vs. Molina Healthcare, Inc., et al.*, Case No. 2:18-cv-03579 AB (JCx) (C.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Molina publicly traded common

stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

15. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Settlement Agreement and Notice.

16. The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Christine M. Fox, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Robert W. Perrin, Esq., Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, CA 90071-1560; and has filed, either by hand or by mail, said objections and supporting papers with the Clerk of the Court, United States District Court for the Central District of California, First Street U.S. Courthouse, 350 West 1st Street, Suite 4311, Los Angeles, CA 90012-4565. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of

Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

19. As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $500,000 without further approval from Defendants and without further order of the Court.

20. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days before the date set herein for the Settlement Hearing. If reply papers are necessary, they shall be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

21. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net

Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

22. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

23. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24. If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then both the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 5, 2020.

25. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: ____________________, 2020.

______________________________
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE