# EXHIBIT B

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION PLAN, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOLINA HEALTHCARE, INC., J. MARIO MOLINA, JOHN C. MOLINA, TERRY P. BAYER and RICK HOPFER,<br><br>Defendants. | Case No. 2:18-cv-03579 AB (JCx)<br><br><u>CLASS ACTION</u> |

## [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS:

A.  As of May 5, 2020, Court-appointed Lead Plaintiff Steamfitters Local 449 Pension Plan ("Steamfitters" or "Lead Plaintiff"), individually and on behalf of all other members of the Settlement Class, on the one hand, and Molina Healthcare, Inc. ("Molina" or the "Company"), J. Mario Molina, John C. Molina, Terry P. Bayer, and Rick Hopfer (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-titled litigation (the "Action");

B.  Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on _____, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____ \_\_\_\_\_, 2020, at \_\_\_:\_\_\_ \_\_\_.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate

1 and should be approved by the Court; (ii) determine whether a judgment as
2 provided for in the Settlement Agreement should be entered; and (iii) rule on Lead
3 Counsel's Fee and Expense Application;

4     C.    The Court ordered that the Notice of Pendency of Class Action,
5 Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and
6 a Proof of Claim and Release form ("Claim Form"), substantially in the forms
7 annexed to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be
8 mailed by first-class mail, postage prepaid, on or before ten (10) business days
9 after the date of entry of the Preliminary Approval Order ("Notice Date") to all
10 potential Settlement Class Members who could be identified through reasonable
11 effort, and that a Summary Notice of Pendency of Class Action, Proposed
12 Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"),
13 substantially in the form annexed to the Preliminary Approval Order as Exhibit 3,
14 be published in *Investor's Business Daily* and transmitted over *PR Newswire*
15 within fourteen (14) calendar days of the Notice Date;

16     D.    The Notice and the Summary Notice advised potential Settlement
17 Class Members of the date, time, place, and purpose of the Settlement Hearing, and
18 further advised that any objections to the proposed Settlement were required to be
19 filed with the Court and served on counsel for the Parties such that they were
20 received by _____, 2020;

21     E.    The provisions of the Preliminary Approval Order as to notice were
22 complied with;

23     F.    On _____, 2020, Lead Plaintiff filed a motion for final
24 approval of the Settlement, as set forth in the Preliminary Approval Order.  The
25 Settlement Hearing was duly held before this Court on _____,
26 2020, at which time all interested Persons were afforded the opportunity to be
27 heard; and

28

1          G.     This Court has duly considered Lead Plaintiff's motion, the affidavits,
2  declarations, memoranda of law submitted in support thereof, the Settlement
3  Agreement, and all of the submissions and arguments presented with respect to the
4  proposed Settlement;
5          NOW, THEREFORE, after due deliberation, IT IS ORDERED,
6  ADJUDGED AND DECREED that:
7          1.     This Judgment incorporates and makes a part hereof: (i) the
8  Settlement Agreement filed with the Court on May 5, 2020; and (ii) the Notice,
9  which was filed with the Court on _____, 2020.  Capitalized terms
10 not defined in this Judgment shall have the meaning set forth in the Settlement
11 Agreement.
12         2.     This Court has jurisdiction over the subject matter of the Action and
13 over all parties to the Action, including all Settlement Class Members.
14         3.     The Court hereby reaffirms its determinations in the Preliminary
15 Approval Order and finally certifies, for purposes of the Settlement only, pursuant
16 to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement
17 Class of: All persons and entities that purchased or otherwise acquired Molina
18 publicly traded common stock during the period from October 31, 2014 through
19 August 2, 2017, inclusive, and were damaged thereby.  Excluded from the
20 Settlement Class are: (i) the Defendants; (ii) the present and former officers and
21 directors of the Company; (iii) the Company's subsidiaries and affiliates; (iv) the
22 Company's employee retirement and benefit plan(s) and their participants or
23 beneficiaries, to the extent they made purchases through such plan(s); (v) members
24 of the immediate families of the Individual Defendants; (vi) any entity in which
25 any Defendant has or had a controlling interest; and (vii) the legal representatives,
26 heirs, successors, and assigns of any such excluded party.  Also excluded from the
27 Settlement Class are those Persons who have timely and validly sought exclusion
28

1 from the Settlement Class and are listed on Exhibit A annexed hereto as having
2 submitted a request for exclusion allowed by the Court.
3     4.    Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement
4 only, the Court hereby reaffirms its determinations in the Preliminary Approval
5 Order and finally certifies Lead Plaintiff as Class Representative for the Settlement
6 Class; finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for
7 the Settlement Class; and finally appoints the law firm of Glancy Prongay &
8 Murray LLP as Liaison Counsel for the Settlement Class.
9     5.    The Court finds that the mailing and publication of the Notice,
10 Summary Notice, and Claim Form: (i) complied with the Preliminary Approval
11 Order; (ii) constituted the best notice practicable under the circumstances; (iii)
12 constituted notice that was reasonably calculated to apprise Settlement Class
13 Members of the effect of the Settlement, the proposed Plan of Allocation, Lead
14 Counsel's request for an award of attorney's fees and payment of litigation
15 expenses incurred in connection with the prosecution of the Action, Settlement
16 Class Members' right to object or seek exclusion from the Settlement Class, and
17 their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and
18 sufficient notice to all Persons entitled to receive notice of the proposed
19 Settlement; and (v) satisfied the notice requirements of Fed. R. Civ. P. 23, the
20 United States Constitution (including the Due Process Clause), and Section
21 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as
22 amended by the Private Securities Litigation Reform Act of 1995.
23     6.    *[There have been no objections to the Settlement.]*
24     7.    In light of the benefits to the Settlement Class, the complexity,
25 expense and possible duration of further litigation against Defendants, the risks of
26 establishing liability and damages, and the costs of continued litigation, the Court
27 hereby fully and finally approves the Settlement as set forth in the Settlement
28 Agreement in all respects, and finds that the Settlement is, in all respects, fair,

1 reasonable and adequate, and in the best interests of Lead Plaintiff and the
2 Settlement Class, having considered and found that: (a) Lead Plaintiff and Lead
3 Counsel have adequately represented the Settlement Class; (b) the proposal was
4 negotiated at arm's-length; (c) the relief provided for the Settlement Class is
5 adequate, having taken into account (i) the costs, risks, and delay of trial and
6 appeal; (ii) the effectiveness of any proposed method of distributing relief to the
7 Settlement Class, including the method of processing Settlement Class Member
8 claims; (iii) the terms of any proposed award of attorneys' fees, including timing of
9 payment; and (iv) any agreement required to be identified under Fed. R. Civ. P.
10 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members
11 equitably relative to each other.
12     8.    The Settlement shall be consummated in accordance with the terms
13 and provisions of the Settlement Agreement.
14     9.    The Amended Class Action Complaint for Violation of the Federal
15 Securities Laws, filed on October 5, 2018 (the "Complaint") is dismissed in its
16 entirety, with prejudice, and without costs to any Party, except as otherwise
17 provided in the Settlement Agreement.
18     10.    The Court finds that during the course of the Action, the Parties and
19 their respective counsel at all times complied with the requirements of Fed. R. Civ.
20 P. 11.
21     11.    Upon the Effective Date, Lead Plaintiff and each and every other
22 Settlement Class Member, on behalf of themselves and each of their respective
23 heirs, executors, trustees, administrators, predecessors, successors, and assigns, in
24 their capacities as such, shall be deemed to have fully, finally, and forever waived,
25 released, discharged, and dismissed each and every one of the Released Claims
26 against each and every one of the Released Defendant Parties and shall forever be
27 barred and enjoined from commencing, instituting, prosecuting, or maintaining any
28

and all of the Released Claims against any and all of the Released Defendant Parties.

12. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

14. This Judgment and the Settlement Agreement, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Settlement Agreement, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability,

damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(d) do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Settlement Agreement, and/or any Claim Form: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Settlement Agreement and/or this Judgment.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

20. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

1    21.    Without affecting the finality of this Judgment in any way, this Court
2  hereby retains continuing jurisdiction over: (i) implementation of the Settlement;
3  (ii) the allowance, disallowance or adjustment of any Settlement Class Member's
4  claim on equitable grounds; (iii) disposition of the Settlement Fund; (iv) any
5  applications for attorneys' fees, costs, interest and payment of expenses in the
6  Action; (v) all parties for the purpose of construing, enforcing and administering
7  the Settlement and this Judgment; and (vi) other matters related or ancillary to the
8  foregoing.  There is no just reason for delay in the entry of this Judgment and
9  immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2020.

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

9

# **EXHIBIT A**