# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:18-cv-03579 AB (JCx) |
| Plaintiff, | CLASS ACTION |
| vs. | [**PROPOSED REVISED**] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES |
| MOLINA HEALTHCARE, INC., J. MARIO MOLINA, JOHN C. MOLINA, TERRY P. BAYER, and RICK HOPFER, | Date: October 22, 2020<br>Time: 10:00 a.m.<br>Court: 7B (Hon. André Birotte Jr.) |
| Defendants. | |

On October 22, 2020, a hearing having been held before this Court to determine, among other things, whether and in what amount to award Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to the representation of the Settlement Class.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested, for the reasons stated in the memorandum and recited by the Court on the record;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated May 5, 2020 (the "Settlement Agreement").

3. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

Securities Litigation Reform Act of 1995 ("PSLRA"), and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $1,875,000, plus accrued interest (which is 25% of the Settlement Fund), and payment of litigation expenses in the amount of $105,880.71, plus accrued interest, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses may be paid to Plaintiffs' Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

    (a) The Settlement has created a common fund of $7.5 million in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

    (b) The requested attorneys' fees and payment of expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the Action and which has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

    (c) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) To achieve the settlement, Plaintiffs' Counsel devoted approximately 3,736 hours, with a lodestar value of $2,389,397.00, which is more than the amount they are seeking ($1,875,000), and tends to support the reasonableness of the request;

(g) The amount of attorneys' fees awarded are fair and reasonable and consistent with the 25% benchmark established by the Ninth Circuit Court of Appeals and fee awards approved by courts within the Ninth Circuit with similar recoveries;

(h) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $140,000, plus accrued interest; and

(i) There were no objections to the application for attorneys' fees or expenses.

7. Any appeal or challenge affecting this Court's approval of any attorneys' fee or expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement

Agreement, this order shall be rendered null and void to the extent provided by the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

Dated: October 26, 2020

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE